IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEIDI POLING,                         )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civil Action No. 05-312J
                                      )
MICHAEL J. ASTRUE,                    )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
            Defendant.                )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications[1] for disability insurance benefits and for supplemental security income on September 30, 2002, and October 1, 2002, respectively, alleging a disability onset date of June 26, 1999, due to irritable bowel syndrome, depression, anxiety, pain in her right shoulder, back and neck, degenerative disc disease and knee problems. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on September 3, 2003, at which plaintiff, represented by counsel, appeared and testified. On September 17, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On May 24, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

---

[1] The ALJ found that plaintiff is barred by the doctrine of res judicata from asserting disability during the time period from June 26, 1999, through August 21, 2002, based upon adverse decisions on two sets of applications for benefits plaintiff previously had filed but upon which she failed to seek judicial review. The ALJ found no basis to reopen these prior decisions (R. 16) and plaintiff in her brief in this pending case concedes that she is not disputing this finding. Plaintiff's Brief at 3. Accordingly, plaintiff's effective asserted onset date for purposes of her pending applications is August 22, 2002.

Plaintiff was 36 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has an eleventh grade education which is classified as limited. 20 C.F.R. §§404.1564 and 416.964. She has past relevant work experience as a bartender/cook, a ticket seller and a dishwasher/stocker, but she has not engaged in any substantial gainful activity since her effective asserted onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of osteoarthritis of both knees, history of chondromalacia and degenerative joint disease, right sacrolitis, history of irritable bowel syndrome, mild stress incontinence, obesity, history of depression and an adjustment disorder, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that, although plaintiff cannot perform her past relevant work, she nevertheless retains the residual functional capacity for less than the full range of sedentary exertional level with certain enumerated limitations. (R. 23). In response to a hypothetical question posited by the ALJ, the vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work

experience and residual functional capacity, including hand cutter/trimmer, hand packager, hand electronics assembler and hand taper/finisher. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the procedure for

416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Plaintiff's sole argument to this court on appeal is that the ALJ improperly prevented plaintiff's counsel from asking the vocational expert hypothetical questions based upon specific work-related limitations identified in medical reports from her treating psychiatrist, the consultative psychological examiner and the state agency physician. Plaintiff contends that there are no regulations, policy statements or any other authority prohibiting a claimant's counsel from asking these types of questions, rather case law requires that a hypothetical to a vocational expert contain all limitations supported by the record. See Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004) and Burns v. Barnhart, 312 F.3d 113 (3d Cir. 2002).

On a theoretical level, plaintiff's position is quite persuasive. Plaintiff accurately sets forth the well-settled law in this circuit that a hypothetical to the vocational expert must set forth all limitations supported by the record and that these limitations must be specific and not conclusory or vague. At first blush, the proposed questions in this case seem to be akin to the types of questions the Third Circuit not only permitted, but required, in Burns and Ramirez.

---

evaluating mental impairments set forth in 20 C.F.R. §§404.1520a and 416.920a also must be followed. Plummer, 186 F.2d at 432.

- 5 -

Furthermore, the Commissioner has not come forward with any persuasive authority supporting a blanket prohibition of the types of questions plaintiff's counsel intended to ask in this case, which were drawn from medical sources assessing plaintiff's ability to do work related activities, other than a somewhat ambiguous provision of the Hearings Appeals and Litigation Law Manual (HALLEX), the Agency's hearing office policy manual, which permits an ALJ to preclude a vocational expert from responding to questions on "medical matters" or drawing conclusions "not within the vocational expert's authority."

However, the court need not resolve the general issue as to whether the ALJ erred in prohibiting the types of questions that plaintiff's counsel was not permitted to ask because, *in this case*, the ALJ found that the limitations set forth in the reports which plaintiff's counsel wished to rely upon in questioning the vocational expert were *not* supported by the record.

In his decision, the ALJ addressed each of the reports upon which plaintiff now relies and found that the debilitating limitations set forth in each were not warranted. First, as to the report of Dr. Fugate, plaintiff's treating physician, the ALJ considered the psychological limitations set forth therein but concluded they were not warranted by the medical evidence because, *inter alia*, they were inconsistent with the objective findings set forth in Dr. Fugate's report and because Dr. Fugate is a specialist in internal medicine, not psychiatry or psychology. (R. 18).

As to Dr. Clark, the consultative examiner, the ALJ also considered the limitations set forth in his report but concluded that the mental status examination conducted by Dr. Clark does not support such limitations, which appeared to be based on plaintiff's subjective complaints.[3] (R. 19). Finally, as to the state agency physician's findings, the ALJ correctly noted that these findings are entitled to some weight (R. 21), and the ALJ's residual functional capacity finding and hypothetical to the vocational expert take into account the more modest restrictions set forth in that report. (R. 23).

The record in this case demonstrates that the ALJ adhered to the appropriate standards in evaluating the medical evidence[4] and adequately explained his rationale for the weight he accorded it. Moreover, of paramount significance in this case, plaintiff does

---

[3] The ALJ also considered plaintiff's subjective complaints in accordance with the applicable regulations, 20 C.F.R. §§404.1529 and 416.929 and SSR 96-7p, and concluded that her allegations of disabling limitations are not consistent with the clinical and objective findings or her self-reported activities of daily living. (R. 20; 23). Plaintiff likewise does not challenge the ALJ's credibility finding on appeal.

[4] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

not challenge the ALJ's evaluation of the medical evidence on appeal to this court. Instead, the sole issue raised is the propriety of the ALJ's refusal to allow her counsel to question the vocational expert as to specific limitations set forth in medical source reports that the ALJ rejected as inconsistent with the objective medical evidence of record.

As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), and it is not error for an ALJ to reject a response to a hypothetical incorporating limitations not supported by the medical evidence, see Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence), there can be no reversible error, under the facts of this case, in the ALJ precluding plaintiff's counsel from asking hypothetical questions containing limitations not supported by the medical evidence.

Plaintiff has raised a legitimate and important issue as to the scope of questioning of a vocational expert by a claimant in hearings before an ALJ. However, the issue is not relevant to the facts of this particular case. This court's function on judicial review is to determine whether the ALJ's decision is supported by substantial evidence. Because the ALJ found that the limitations set forth in the reports at issue were not warranted by the medical evidence, and plaintiff does not challenge the ALJ's evaluation of the medical evidence, the court is constrained by

the record before it to find that the ALJ's rejection of plaintiff's hypothetical questions, incorporating limitations that the ALJ found are not supported by the record, was not error.

Whether the ALJ's refusal to permit a claimant's counsel from questioning a vocational expert as to specific limitations set forth in medical source statements where those limitations are supported by the record is a significant question, but one not appropriately before the court in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

 

                                                    /s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc:  Karl E. Osterhout, Esq.
     1789 S. Braddock Ave., Suite 570
     Pittsburgh, PA 15218

     Megan Farrell
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 4000
     Pittsburgh, PA 15219

- 9 -